IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **KAREN FRANCIS**, Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> **MANPOWERGROUP US INC.** and **EXPERIS US, INC.** <br><br> Defendants. | Civil Action No.: <br><br> **COLLECTIVE ACTION COMPLAINT** <br><br> **JURY DEMAND** |

Plaintiff, **KAREN FRANCIS**, by and through her attorneys JTB LAW GROUP LLC, as and for her Complaint against Defendants, **MANPOWERGROUP US INC.** and **EXPERIS US, INC.** (collectively "Defendants" or "ManpowerGroup"), alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this collective action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, and costs, including reasonable attorney's fees, as a result of Defendants' willful violations of the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. §§ 516, *et seq.*

2. Defendants violated the FLSA overtime requirement, 29 U.S.C. § 207(a)(1) by assigning recruiters including Plaintiff a weekly volume of assignments that took significantly more than forty (40) hours to complete, but failing to pay them for hours worked in excess of forty (40), either by (i) requiring recruiters to self-report their hours for pay purposes but prohibiting them from self-reporting more than forty (40) hours in a workweek, regardless of hours actually

1

worked; or, in other instances (ii) paying recruiters a fixed salary for all hours worked, without any additional compensation for hours worked in excess of forty (40).

3. Plaintiff brings this claim for relief for violation of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), defined as follows:

> **All recruiters employed by Defendants in the United States at any time in the past three (3) years from the filing of this complaint**

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the FLSA and corresponding regulations by failing to pay Plaintiff and other recruiters proper overtime compensation for hours worked over forty (40) in a given workweek.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, a federal statute.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because the Defendants are headquartered in this district and are subject to personal jurisdiction in this district.

## THE PARTIES

7. Plaintiff was and is currently a resident of the state of Georgia.

8. She was employed by the Defendants from approximately March 2011 until July 8, 2016.

9. Defendant MANPOWERGROUP US INC. is an international staffing agency that provides staffing services to companies throughout the United States, and has its principal place of business in Wisconsin and is headquartered in Milwaukee, Wisconsin.

10. Defendant MANPOWERGROUP US INC. employed Plaintiff.

2

11. Defendant MANPOWERGROUP US INC. controlled the terms and conditions of Plaintiff's employment and provided her with various employment documents such as an Employee Handbook.

12. Defendant EXPERIS US, INC. is an affiliate or subsidiary of ManpowerGroup US Inc.

13. Defendant EXPERIS US, INC. has its principal place of business in Wisconsin and is headquartered in Milwaukee, Wisconsin.

14. Defendant EXPERIS US INC. was Plaintiff's employer at all relevant times.

15. Defendant EXPERIS US, INC. controlled Plaintiff's pay.

16. Defendant EXPERIS US, INC was listed on Plaintiff's paystubs.

17. Each of the Defendants has annual revenues of more than $500,000 per year in interstate commerce and maintains business operations throughout the United States.

18. ManpowerGroup was the "employer" of the Plaintiff and the Defendants were collectively the joint employer of all putative collective members within the meaning of all applicable statutes.

19. Both Defendants have their headquarters at 100 West Manpower Place, Milwaukee, WI 53212-4030.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

21. From her initial hire in approximately March 2011 until approximately April 2015, Plaintiff worked for Defendants as a recruiter.

22. Her primary job duties consisted of recruiting employees for other companies by calling potential candidates, asking them a set of questions from a script, and matching them to specific employers based on criteria established by Defendants.

23. Plaintiff worked remotely from home.

24. From approximately March 2011 through November 2014, Defendants paid Plaintiff an hourly rate for each hour she reported into Defendants' timekeeping system.

25. From approximately November 2014 through April 2015, Defendants paid Plaintiff a fixed weekly salary regardless of the number of hours she reported into Defendants' timekeeping system.

26. Defendant was supposed to work a schedule that was eight (8) hours a day Monday through Friday.

27. Defendants required Plaintiff to submit a certain number of candidates for further review each day.

28. Plaintiff was required to keep contacting potential candidates until she had reached her daily quota of submissions for further review.

29. Some of this work after regular business hours was calling potential candidates who were unavailable during the regular workday.

30. In addition to her regular forty (40) hour a week schedule, she frequently had to work in the evenings and on the weekends in order to meet her quota of submissions for further review.

31. In most weeks, it was not possible to meet this requirement working only forty (40) hours a week.

32. Plaintiff regularly worked approximately fifty (50) to sixty (60) hours each week in order to meet her submission requirement.

4

33. Plaintiff was required to self-report her hours.

34. Defendants did not permit Plaintiff to self-report more than forty (40) hours in a workweek.

35. She was told by her manager, Rachel Boyd, that overtime was not authorized.

36. She was also told by her manager, Rachel Boyd, that she had to meet her quota of submissions for further review.

37. She complained on multiple occasions to her manager, Rachel Boyd, that she was unable to complete her job in just forty (40) hours a week.

38. Despite her complaints, she was not permitted to record more than eight (8) hours of work in any given day nor was she permitted to record work on the weekends.

39. Despite not permitting Plaintiff to self-report more than forty (40) hours in a workweek, they still required that she meet her daily submission requirement.

40. There were many weeks throughout Plaintiff's employment over the course of March 2011 through November 2014 in which she worked over forty (40) hours but was not paid for hours in excess of forty (40) because Defendants did not allow her to self-report more than forty (40) hours in a workweek.

41. There were many weeks throughout Plaintiff's employment over the course of November 2014 through April 2015 in which she worked over forty (40) hours but was not paid for hours in excess of forty (40) because Defendants paid her a fixed salary for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

43. Plaintiff brings this claim for relief for violation of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), defined as follows:

> **All recruiters employed by Defendants in the United States at any time in the past three (3) years from the filing of this complaint.**

44. This action is properly brought as a collective action pursuant to the FLSA because Plaintiff and other recruiters are similarly situated in that they all performed the same primary job duties—i.e. recruiting employees for other companies by calling potential candidates, asking them a set of questions from a script, and matching them to specific employers based on criteria established by Defendants—and were subject to Defendants' commonly applied policy and/or practice of failing to pay recruiters for all hours worked each week in excess of forty (40).

### FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

45. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

46. Plaintiff was required by Defendants and regularly worked over forty (40) hours a week.

47. Defendants failed to pay overtime compensation at time and a half (1.5) of Plaintiff's regular rate of pay for hours in a workweek in excess of forty (40).

48. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary, and in bad faith.

49. Because Defendants willfully violated the FLSA a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

50. As a result of the foregoing, Plaintiff was illegally denied proper compensation and overtime compensation earned, in such amounts to be determined at trial, and is entitled to

6

recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (Collective Action Claims for Violations of the FLSA)

51. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

52. Defendants required recruiters including Plaintiff to work hours in excess of forty (40) per week.

53. Defendants failed to pay recruiters including Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours in a workweek in excess of forty (40).

54. Defendants' uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

55. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

56. As a result of Defendants' foregoing violations, recruiters including Plaintiff were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    (A)    A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

(B) An order for injunctive relief ordering Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA and related laws and regulations;

(C) An order directing Defendants, at their own expense, to investigate and account for the number of overtime hours actually worked by Plaintiff and all similarly situated recruiters;

(D) Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

(E) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and all similarly situated recruiters during the applicable statutory period;

(F) Judgment for liquidated damages in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(G) Judgment for any and all civil penalties to which Plaintiff may be entitled;

(H) An order directing Defendants to pay Plaintiff reasonable attorney's fees and all costs connected with her action;

(I) An incentive award for the Plaintiff pursuant to the FLSA;

(J) Such other and further relief as to this Court may deem necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all questions of fact raised by the complaint.

Dated: 11/3/2016

        **JTB LAW GROUP, LLC**

        By: /s/ Jason T. Brown
        Jason T. Brown (N.J. Bar No. 35921996)
        jtb@jtblawgroup.com
        155 2nd Street, Suite 4
        Jersey City, NJ 07302
        (877) 561-0000 (office)
        (855) 582-5297 (fax)

        *Attorneys for Plaintiff*