**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KAREN FRANCIS**, Individually, and on Behalf Of All Others Similarly Situated,

Plaintiff,

v.

Case No. 2:16-cv-01477-PP

**MANPOWERGROUP US INC, AND EXPERIS US, INC.,**

Defendants.

---

## ANSWER TO COLLECTIVE ACTION COMPLAINT

---

1. Plaintiff brings this collective action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, and costs, including reasonable attorney's fees, as a result of Defendants' willful violations of the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and attendant regulations at 29 C.F.R. §§ 516, et seq.

**ANSWER: Defendants admit Plaintiff purports to bring claims on behalf of herself and on behalf of all others allegedly similarly situated to her under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"). Defendants deny Plaintiff is entitled to any of the relief she seeks, that she is similarly situated to any other current or former employees of Defendants, and deny the remaining allegations in paragraph 1.**

2. Defendants violated the FLSA overtime requirement, 29 U.S.C. § 207(a)(1) by assigning recruiters including Plaintiff a weekly volume of assignments that took significantly more than forty (40) hours to complete, but failing to pay them for hours worked in excess of forty (40),

either by (i) requiring recruiters to self-report their hours for pay purposes but prohibiting them from self-reporting more than forty (40) hours in a workweek, regardless of hours actually worked; or, in other instances (ii) paying recruiters a fixed salary for all hours worked, without any additional compensation for hours worked in excess of forty (40).

**ANSWER: Defendants deny the allegations in paragraph 2.**

3. Plaintiff brings this claim for relief for violation of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), defined as follows:

All recruiters employed by Defendants in the United States at any time in the past three (3) years from the filing of this complaint

**ANSWER: Defendants admit Plaintiff purports to bring a collective action pursuant to Section 216(b) of the FLSA. Defendants deny a collective action is appropriate in this matter, and deny the remaining allegations in paragraph 3.**

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the FLSA and corresponding regulations by failing to pay Plaintiff and other recruiters proper overtime compensation for hours worked over forty (40) in a given workweek.

**ANSWER: Defendants deny the allegations in paragraph 4.**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, a federal statute.

**ANSWER: The allegations in paragraph 5 include statements of law to which no response is required. To the extent a response is necessary, Defendants admit this Court has subject matter jurisdiction over the claims asserted in this lawsuit. Defendants deny the remaining allegations in paragraph 5.**

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because the Defendants are headquartered in this district and are subject to personal jurisdiction in this district.

**ANSWER: The allegations in paragraph 6 include statements of law to which no response is required. To the extent a response is necessary, Defendants admit they are headquartered in this district and that this Court is a proper venue for the claims asserted in this matter. Defendants deny the remaining allegations in paragraph 6.**

7. Plaintiff was and is currently a resident of the state of Georgia.

**ANSWER: Defendants are without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 7 regarding Plaintiff's state of residency, and therefore deny them. Defendants deny the remaining allegations in paragraph 7.**

8. She was employed by the Defendants from approximately March 2011 until July 8, 2016.

**ANSWER: Defendants deny the allegations in Paragraph 8.**

9. Defendant MANPOWERGROUP US INC. is an international staffing agency that provides staffing services to companies throughout the United States, and has its principal place of business in Wisconsin and is headquartered in Milwaukee, Wisconsin.

**ANSWER: Defendants admit the allegations in paragraph 9.**

10. Defendant MANPOWERGROUP US INC. employed Plaintiff.

**ANSWER: Defendants deny the allegations in paragraph 10.**

11. Defendant MANPOWERGROUP US INC. controlled the terms and conditions of Plaintiff's employment and provided her with various employment documents such as an Employee Handbook.

**ANSWER: Defendants deny the allegations in paragraph 11.**

12. Defendant EXPERIS US, INC. is an affiliate or subsidiary of ManpowerGroup US Inc.

**ANSWER: Defendants admit the allegations in paragraph 12.**

13. Defendant EXPERIS US, INC. has its principal place of business in Wisconsin and is headquartered in Milwaukee, Wisconsin.

**ANSWER: Defendants admit the allegations in paragraph 13.**

14. Defendant EXPERIS US, INC. was Plaintiff's employer at all relevant times.

**ANSWER: Defendants admit the allegations in paragraph 14.**

15. Defendant EXPERIS US, INC. controlled Plaintiff's pay.

**ANSWER: Defendants admit the allegations in paragraph 15.**

16. Defendant EXPERIS US, INC. was listed on Plaintiff's paystubs.

**ANSWER: Defendants admit the allegations in paragraph 16.**

17. Each of the Defendants has annual revenues of more than $500,000 per year in interstate commerce and maintains business operations throughout the United States.

**ANSWER: Defendants admit the allegations in paragraph 17.**

18. ManpowerGroup was the "employer" of the Plaintiff and the Defendants were collectively the joint employer of all putative collective members within the meaning of all applicable statutes.

**ANSWER: Defendant deny the allegations in paragraph 18.**

19. Both Defendants have their headquarters at 100 West Manpower Place, Milwaukee, WI 53212-4030.

**ANSWER: Defendants admit the allegations in paragraph 19.**

20. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

**ANSWER: Defendants re-allege and reassert their answers to paragraphs 1-19 as if fully set forth here.**

21. From her initial hire in approximately March 2011 until approximately April 2015, Plaintiff worked for Defendants as a recruiter.

**ANSWER: Defendant Experis US, Inc. admits Plaintiff worked as a Recruiter for it from March 2011 until her promotion to a Program Lead position in April 2015. Defendant Experis US, Inc. denies the balance of the allegations of Paragraph 21. Defendant ManpowerGroup US, Inc. denies the allegations in paragraph 21.**

22. Her primary job duties consisted of recruiting employees for other companies by calling potential candidates, asking them a set of questions from a script, and matching them to specific employers based on criteria established by Defendants.

**ANSWER: Defendant Experis US, Inc. admits Plaintiff's job duties as a Recruiter included identifying and screening potential candidates, but denies the remaining allegations in paragraph 22. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 22.**

23. Plaintiff worked remotely from home.

**ANSWER: Defendant Experis US, Inc. admits the allegations in paragraph 23. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 23.**

24. From approximately March 2011 through November 2014, Defendants paid Plaintiff an hourly rate for each hour she reported to Defendants' timekeeping system.

**ANSWER: Defendant Experis US, Inc. admits the allegations in paragraph 24. Defendant ManpowerGroup US, Inc. denies the allegations of Paragraph 24.**

25. From approximately November 2014 through April 2015, Defendants paid Plaintiff a fixed weekly salary regardless of the number of hours she reported into Defendants' timekeeping system.

**ANSWER: Defendant Experis US, Inc. admits Plaintiff was paid on a salaried basis intended to cover all time she worked after she was promoted to a Senior Recruiter position on November 3, 2014, but denies the remaining allegations in paragraph 25. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 25.**

26. Defendant [*sic*] was supposed to work a schedule that was eight (8) hours a day Monday through Friday.

**ANSWER: Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 26. Defendants deny the remaining allegations in paragraph 26.**

27. Defendants required Plaintiff to submit a certain number of candidates for further review each day.

**ANSWER: Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 27. Defendants deny the remaining allegations in paragraph 27.**

28. Plaintiff was required to keep contacting potential candidates until she had reached her daily quota of submissions for further review.

**ANSWER: Defendant Experis US, Inc. denies the allegations in paragraph 28. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 28.**

29. Some of this work after regular business hours was calling potential candidates who were unavailable during the regular workday.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the veracity of Plaintiff's allegations regarding any work-related she purportedly performed "after regular business hours," and without recording her time, and therefore denies them.**

30. In addition to her regular forty (40) hour a week schedule, she frequently had to work in the evenings and on the weekends in order to meet her quota of submissions for further review.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the veracity of Plaintiff's allegations regarding any time she spent performing work-related tasks without reporting them, and therefore denies the allegations of Paragraph 30.**

31. In most weeks, it was not possible to meet this requirement working only forty (40) hours a week.

**ANSWER: Defendant Experis US, Inc. denies the allegations in paragraph 31. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 31.**

32. Plaintiff regularly worked approximately fifty (50) to sixty (60) hours each week in order to meet her submission requirement.

**ANSWER: Defendants are without sufficient knowledge or information regarding the veracity of Plaintiff's allegations regarding the amount of time she purportedly worked each week, and therefore denies the allegations of Paragraph 32.**

33. Plaintiff was required to self-report her hours.

**ANSWER: Defendant Experis US, Inc. admits Plaintiff was required to self-report her hours while she was classified as a non-exempt, hourly employee but denies the remaining allegations in paragraph 33. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 33.**

34. Defendants did not permit Plaintiff to self-report more than forty (40) hours in a workweek.

**ANSWER: Defendant Experis US, Inc. denies the allegations in paragraph 34. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 34.**

35. She was told by her manager, Rachel Boyd, that overtime was not authorized.

**ANSWER: Defendant Experis US, Inc. admits Plaintiff's manager, Rachel Boyd, informed her that the client contract under which Plaintiff worked did not anticipate that employees would work in excess of 40 hours a week but denies that that Plaintiff was told she would not be paid for overtime work and denies the remaining allegations in paragraph 35. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 35.**

36. She was also told by her manager, Rachel Boyd, that she had to meet her quota of submissions for further review.

**ANSWER: Defendant Experis US, Inc. denies the allegations in paragraph 36. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 36.**

37. She complained on multiple occasions to her manager, Rachel Boyd, that she was unable to complete her job in just forty (40) hours a week.

**ANSWER: Defendant Experis US, Inc. denies the allegations in paragraph 37. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 37.**

38. Despite her complaints, she was not permitted to record more than eight (8) hours of work in any given day nor was she permitted to record work on the weekends.

**ANSWER: Defendant Experis US, Inc. denies the allegations in paragraph 38. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 38.**

39. Despite not permitting Plaintiff to self-report more than forty (40) hours in a workweek, they still required that she meet her daily submission requirement.

**ANSWER: Defendant Experis US, Inc. denies the allegations in paragraph 39. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 39.**

40. There were many weeks throughout Plaintiff's employment over the course of March 2011 through November 2014 in which she worked over forty (40) hours but was not paid for hours in excess of forty (40) because Defendants did not allow her to self-report more than forty (40) hours in a workweek.

**ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the veracity of Plaintiff's allegations regarding the number of hours she worked per week while she was paid on a salaried basis, and therefore deny them. Defendants deny the remaining allegations in paragraph 40.**

41. There were many weeks throughout Plaintiff's employment over the course of November 2014 through April 2015 in which she worked over forty (40) hours but was not paid for hours in excess of forty (40) because Defendants paid her a fixed salary for all hours worked.

**ANSWER: Defendant Experis US, Inc. is without sufficient information or knowledge to form a belief as to the veracity of Plaintiff's allegations regarding the number of hours she**

**worked per week while she was paid on a salaried basis, and therefore denies them and denies the remaining allegations in paragraph 41. Defendant ManpowerGroup US, Inc. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 41.**

42. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

**ANSWER: Defendants reassert and reallege their answers to paragraphs 1-41 as if fully set forth here.**

43. Plaintiff brings this claim for relief for violation of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), defined as follows:

> **All recruiters employed by Defendants in the United States at any time in the past three (3) years from the filing of this complaint.**

**ANSWER: Defendants admit Plaintiff purports to bring her claims as a collective action pursuant to Section 216(b) of the FLSA. Defendants deny a collective action is appropriate in this matter, and deny the remaining allegations in paragraph 43.**

44. This action is properly brought as a collective action pursuant to the FLSA because Plaintiff and other recruiters are similarly situated in that they all performed the same primary job duties i.e. recruiting employees for other companies by calling potential candidates, asking them a set of questions from a script, and matching them to specific employers based on criteria established by Defendants and were subject to Defendants' commonly applied policy and/or practice of failing to pay recruiters for all hours worked each week in excess of forty (40).

**ANSWER: Defendants deny the allegations in paragraph 44.**

**<u>FIRST CLAIM FOR RELIEF</u>**
**<u>(Individual Claim for Violation of the FLSA)</u>**

45. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

**ANSWER: Defendants reassert and reallege their answers to paragraphs 1-44 as if fully set forth here.**

46. Plaintiff was required by Defendants and regularly worked over forty (40) hours a week.

**ANSWER: Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 46. Defendants deny the remaining allegations in paragraph 46.**

47. Defendants failed to pay overtime compensation at time and half (1.5) of Plaintiff's regular rate of pay for hours in a workweek in excess of forty (40).

**ANSWER: Defendant Experis US, Inc.. admits Plaintiff was not paid overtime compensation for any hours she worked in excess of 40 during any workweek in which she was classified as an exempt, salaried employee. Defendants deny the remaining allegations in paragraph 47.**

48. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary, and in bad faith.

**ANSWER: Defendants deny the allegations in paragraph 48.**

49. Because Defendants willfully violated the FLSA a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

**ANSWER: Defendants deny the allegations in paragraph 49.**

50. As a result of the foregoing, Plaintiff was illegally denied proper compensation and overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

**ANSWER: Defendants deny the allegations in paragraph 50.**

**SECOND CLAIM FOR RELIEF**
**(Collective Action Claims for Violations of the FLSA)**

51. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

**ANSWER: Defendants reassert and reallage their answers to paragraphs 1-50 as if fully set forth here.**

52. Defendants required recruiters including Plaintiff to work hours in excess of forty (40) per week.

**ANSWER: Defendants deny the allegations in paragraph 52.**

53. Defendants failed to pay recruiters including Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours in a workweek in excess of forty (40).

**ANSWER: Defendant Experis US, Inc. admits Plaintiff, and other Senior Recruiters were classified as exempt from the overtime provisions of the FLSA pursuant to 29 U.S.C. 213(a)(1), were paid on a salaried basis, and did not receive one and one-half times their regular rate of pay for hours they worked in excess of 40 in workweeks. Defendant ManpowerGroup US, Inc. is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations of Paragraph 53. Defendants deny the remaining allegations in paragraph 53.**

54. Defendants' uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

**ANSWER: Defendants deny the allegations in paragraph 54.**

55. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

**ANSWER: Defendants deny the allegations in paragraph 55.**

56. As a result of Defendants' foregoing violations, recruiters including Plaintiff were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable , and other compensation pursuant to 29 U.S.C. § 216(b).

**ANSWER: Defendants deny the allegations in paragraph 56.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

(B) An order for injunctive relief ordering Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA and related laws and regulations;

(C) An order directing Defendants, at their own expense, to investigate and account for the number of overtime hours actually worked by Plaintiff and all similarly situated recruiters;

(D) Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

(E) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and all similarly situated recruiters during the applicable statutory period;

(F) Judgment for liquidated damages in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(G) Judgment for any and all civil penalties to which Plaintiff may be entitled;

(H) An order directing Defendants to pay Plaintiff reasonable attorney's fees and all costs connected with her action;

(I) An incentive award for the Plaintiff pursuant to the FLSA;

(J) Such other and further relief as to this Court may deem necessary, just, and proper.

**ANSWER: Defendants deny Plaintiff is entitled to any of the relief requested in this un-numbered paragraphs, including sub-paragraph (A)-(J).**

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendant ManpowerGroup US, Inc. did not employ Plaintiff.

3. Plaintiff, and others with whom she alleges she is "similarly situated," are estopped from pursuing the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure to accurately record and report their time as required by Defendant Experis US, Inc.

4. Plaintiff, and others with whom she alleges she is "similarly situated," is barred from pursuing some, or all, of their claims or remedies by the doctrine of laches and/or unclean hands.

5. Plaintiff, and others with whom she alleges she is "similarly situated," is precluded from recovering any amounts from Defendant Experis US, Inc. where Defendant Experis US, Inc. has paid them all sums legally due under the FLSA.

6. The Complaint is barred in whole, or in part, by all applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

7. With respect to some, or all, claims brought by Plaintiff, and others with whom she alleges she is "similarly situated," Defendants affirmatively plead that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing Defendants were in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA. 29 U.S.C. § 255(a).

8. The Complaint, and each purported cause of action set forth therein, is barred in whole, or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff, and others with whom she is allegedly "similarly situated," were engaged in activities that were not compensable work under the FLSA, and were not an integral and indispensable part of their principal activities, including non-compensable activities that were preliminary or postliminary to their principal activities.

9. Some, or all, of the disputed time for which Plaintiff, and others with whom she alleges she is "similarly situated," involves wages purportedly owed for time that is not compensable under the *de minimis* doctrine.

10. Plaintiff, and others with whom she is allegedly "similarly situated," may not recover liquidated damages because (i) Defendants (including their officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendants (including their officers, managers and agents) did not authorize or ratify any willful violation with respect to Plaintiff, and others with whom she is allegedly "similarly situated;" and (iii) Plaintiff, and others with whom she is allegedly "similarly situated," have failed to plead facts sufficient to support recovery of such damages.

11. To the extent Plaintiff, and others with whom she is allegedly "similarly situated," are entitled to damages, Defendants are entitled to a credit for, or set off against, amounts overpaid to them in the course of their employment, as well as a credit for overtime and other premium payments already made to them.

12. During the time period relevant to this matter, Plaintiff and others with whom she is allegedly "similarly situated" were exempt from the overtime and minimum wage provisions of the FLSA under 29 U.S.C. §213(a)(1).

13. The Complaint is barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because Defendants relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

14. Plaintiff may not maintain this action as a collective action under 29 U.S.C. § 216 because she is not similarly situated to any other employee for purposes of the allegations and claims made in this lawsuit.

15. The claims set forth in the Complaint are barred in whole, or in part, by the doctrine of payment because (i) Defendant Experis US, Inc. properly compensated Plaintiff, and

others with whom she is allegedly “similarly situated,” for all time worked in accordance with the FLSA, and (ii) Defendant Experis US, Inc. paid Plaintiff, and others with whom she is allegedly “similarly situated,” for additional time including, without limitation, premium payments as recognized under 29 U.S.C. § 207(e) and for time paid, but not worked, by Plaintiff, and others with whom she is allegedly “similarly situated.”

16. Plaintiff, and others with whom she is allegedly “similarly situated,” may not pursue any claims in this action on behalf of anyone who has not joined this action, or consented to join this action, under 29 U.S.C. §216(b).

17. Plaintiff, and others with whom she is allegedly “similarly situated,” are not entitled to compensation for hours they purportedly worked without Defendants’ actual, or constructive, knowledge.

18. The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendants’ liability, and/or damages, if any, to Plaintiff, and others with whom she is allegedly “similarly situated,” on a group or aggregated basis.

19. Defendants presently have insufficient knowledge or information to form a belief as to whether they may have additional, as yet unstated, affirmative or other defenses available. Defendants reserve the right to assert additional defenses if discovery indicates they would be appropriate.

WHEREFORE, having fully answered Plaintiff’s Complaint, Defendants request that the Complaint be dismissed with prejudice and that Defendants be awarded their costs, attorneys’ fees, and any further relief the Court deems just and proper.

Dated this 15th day of December, 2016.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

s/ Keith E. Kopplin
Keith E. Kopplin
*WI State Bar No. 1044861*
Pabst Boiler House
1243 N. 10th Street, Suite 210
Milwaukee, WI 53205
Telephone: 414.239-6406
Keith.Kopplin@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Jason T. Brown (N.J. Bar No. 35921996)
**JTB LAW GROUP, LLC**
155 2nd Street, Suite 4
Jersey City, NJ 07302
(877) 561-0000 (office)
(855) 582-5297 (fax)
jtb@jtblawgroup.com

/s/Keith E. Kopplin

27879402.1