**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KAREN FRANCIS**, Individually, and on Behalf Of All Others Similarly Situated,

Plaintiff,

Case No. 2:16-cv-01477-PP

v.

**MANPOWERGROUP US INC, AND EXPERIS US, INC.,**

Defendants.

---

## JOINT FED.R.CIV.P. 26(F) AND CIV. L. R. 16 AND 26 DISCOVERY PLAN

---

The Parties, by their undersigned counsel and pursuant to FED.R.CIV.P. 26(f) and Civil L. R. 16 and 26, hereby submit the following Joint FED.R.CIV.P. 26(f) and Civil L. R. 16 and 26 Discovery Plan in anticipation of the Court's FED.R.CIV.P. 16(b) scheduling conference set for February 23, 2017 at 8:45 a.m. Jason T. Brown of JTB Law Group, LLC will attend the conference on behalf of the Plaintiff. Keith Kopplin of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. will attend the conference on behalf of the Defendant.

Counsel for both Parties participated in a conference on February 6, 2017, and a subsequent conference on February 10, 2017, during which they discussed the matters set forth in FED.R.CIV.P. 26(f).

1. Court's Subject Matter Jurisdiction: The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act. The Court's subject matter jurisdiction over state law claims is proper under 28 U.S.C. § 1367 as the state law claims are so related to this action within original jurisdiction that they arise out of the same case or controversy under Article III of the United States Constitution.

2. Nature of the Case: Ms. Francis has brought a collective action under the Fair Labor Standards Act ("FLSA") on behalf of herself and other similarly situated individuals in order to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Defendant denies liability.

3. Contemplated Motions: Plaintiff anticipates a motion for conditional certification of an FLSA action pursuant to 29 U.S.C. § 216(b).

4. Amendments to the Pleadings: Plaintiff may move to amend the pleadings to add state law claims for opt-in plaintiffs. If, at a later date, either party believes that an amendment to the pleadings is necessary, the parties' Counsel shall confer in good faith and, if no resolution is reached with respect to the issue, the party desiring the amendment may file its motion for leave to amend with the Court.

5. Joinder of Parties: Plaintiff anticipates that additional plaintiffs may be joined pursuant to 29 U.S.C. § 216(b).

6. Preserving Discoverable Information: The parties have discussed preserving certain discoverable information including all records containing the information as set forth in subsection b. of Paragraph 7 below.

7. Discovery Plan: The parties have conferred in good faith and agreed to the following discovery plan:

a. Rule 26(a)(1) Disclosures: The parties will exchange FED.R.CIV.P. 26(a)(1) disclosures on or before February 24, 2017. Counsel will supplement their initial disclosures pursuant to FED.R.CIV.P. 26(e). The parties do not anticipate any modifications to FED.R.CIV.P. 26.

b. Possible Subjects of Discovery: The parties have different views on how discovery should be conducted.

Plaintiff's view is that discovery should not commence until *after* the Court decides her motion for conditional certification and the period for additional plaintiffs to opt-in to the action closes. Plaintiff disagrees that bifurcated discovery is necessary and believes that the parties can simultaneously conduct full discovery over class and merits-based issues. Moreover, depending on how many employees join this case, Plaintiff may seek a protective order to limit the scope of discovery by way of random discovery sampling—a commonly used discovery management tool by courts—because FLSA collective actions are representative actions.

Defendants' view is that Karen Francis has asserted individual claims against Defendants and that there is no reason discovery should not proceed against her. It has, therefore, propounded written discovery to Plaintiff and intends to take her deposition shortly after receipt of responses to this discovery. Defendants also deny that collective actions brought under 29 U.S.C. § 216(b) provide for "representative actions" or that "random discovery sampling" is common or appropriate.

Subjects on which discovery may be needed, subject to objection, include but are not limited to the following:

i. Documents reflecting Plaintiff's job duties.
ii. Documents reflecting when Plaintiff was working.
iii. Documents reflecting Defendants' knowledge of Plaintiff's work hours.
iv. Defendants' company policies and practices regarding employee training, compensation, and timekeeping.
v. Defendants' computer networks, software programs and applications, and telephone systems.
vi. Plaintiff's damages.
vii. Any additional subjects that may arise during the course of this litigation.

c. Approximate Time for Close of Discovery: The parties anticipate that the date discovery will be completed will depend on whether this case

is conditionally certified as a collective action. The parties jointly suggest to the Court that they confer and submit to the court a proposed discovery schedule 14 days after (i) the deadline set by the Court for members of the putative FLSA collective to 'opt-in' by filing written consent forms pursuant to 29 U.S.C. § 216(b) (if any such deadline is set); or (ii) the Court issues an order denying Plaintiff's motion for conditional certification with prejudice.

d. Conducting Discovery: The parties agree that discovery will be focused on the particular issues set forth in subsection b. of Paragraph 7 as stated above. The parties agree that the amount of discovery directed to a party will be guided by the Federal Rules of Civil Procedure. To the extent that the parties seek additional interrogatories or depositions, the parties agree to confer in good faith regarding the necessity of additional discovery.

e. Discovery Disputes: At this time, the parties have no disputes regarding discovery. If any such disputes arise, the parties will follow the requirements of Civil L. R. 37 prior to bringing any matter before the Court.

f. Electronically Stored Information: The parties have conferred regarding the reasonable accessibility of and burden of discovery of electronically stored information and agree that ESI will be requested, subject to objection, pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The parties further agree that

whenever practicable, ESI shall be produced in a searchable format. Static documents shall be produced in a searchable .PDF format. Data that is maintained in structured form may be produced in structured fashion (e.g. de-limited text file or .csv). The parties will discuss the production of ESI and the form of that production prior to the deadline for the production. The parties will take all necessary steps to preserve ESI from alteration or destruction. The parties do not anticipate any further issues regarding the discovery of ESI at this point in time. If any disputes arise with regard to ESI, the parties will follow the requirements of Civil L. R. 37 prior to bringing any matter before the Court.

g. Claims of Privilege/Protection of Trial-Preparation Materials: The parties agree that the party asserting a claim of privilege or protection of trial-preparation materials must submit a privilege log to the opposing party contemporaneously with discovery responses and production. Such privilege logs shall contain the following information for each document for which a claims is asserted: date of creation, name(s) of the person(s) who created, name(s) of the person(s) who received the document, the basis for the asserted privilege, name(s) of the other person(s) with knowledge of the document, the basis of the other person(s) knowledge of the document, and the date on which such other person(s) obtained knowledge of the document. The parties

respectfully request the Court to incorporate this requirement for producing a privilege log into its Scheduling Order.

h. Agreement as to Conduct by Counsel in Depositions: Counsel for the parties agree to comply with the Federal Rules of Civil Procedure and the ethical rules of professional responsibility while conducting depositions. Counsel agree to state objections concisely in a non-argumentative and non-suggestive manner. Counsel agree that the testimony of any deponent is to be taken subject to any objection by Counsel.

i. Rule 26(c) or Rule 16(b) Orders: The Parties do not anticipate that the Court will need to enter any orders pursuant to FED.R.CIV.P. 26(c) or FED.R.CIV.P. 16(b) at this point in time.

j. Confidentiality: The parties agree that there may be information responsive to discovery requests that is of such a personal and/or confidential nature that a party requested to produce that information would only do so with appropriate assurances regarding its continued confidentiality. In that event, the parties agree to consult in good faith regarding the possibility of requesting a Confidentiality Order of the form prescribed by Civil L.R. 26(e). The parties agree to confer regarding such issues as soon as possible in order to avoid delays in discovery responses.

k. Fed. R. Evid. 502(d) Order: The parties agree that the following procedures shall govern privileged materials. If information protected

from disclosure by the attorney-client privilege or work product doctrine is disclosed without intent to waive the privilege or protection, within fourteen days after discovery of the inadvertent production, the producing party may amend its discovery response and notify the other party that such information was inadvertently produced and should have been withheld. Once the producing party provides such notice, the recipient must promptly return or destroy the specified information without retaining any copies. The recipient cannot assert that the production waived the privilege protection, however, the recipient does not waive the right to challenge the assertion of the privilege and seek a court order denying such privilege. Nothing in the parties' agreement pursuant to Fed. R. Evid. 502(d) shall extend the attorney-client privilege or attorney work product to any material where such a privilege or protection has been waived in any manner other than by inadvertent disclosure to the adverse party in this matter. Additionally, nothing in the parties' agreement pursuant to Fed. R. Evid. 502(d) shall extend the attorney-client privilege or attorney work product to any material where such a privilege or protection has been waived as a result of Defendant's claimed reliance on such material as a defense to Plaintiff's and the putative class members' claims that: 1) Plaintiff and the putative class members are entitled to recovery of liquidated damages or civil penalties for violations of the FLSA or Wisconsin law, and/or 2) Defendant willfully violated the FLSA.

l. Rule 30(b)(6) Depositions. The parties agree to conduct Rule 30(b)(6) depositions at a location convenient to the deponent's principal place of business located. The parties may mutually agree to other locations if necessary.

8. Possibility of Prompt Settlement: The parties have discussed, and will continue to discuss, the possibility of early resolution of this case. The parties do not presently consent to mediation, but will promptly contact the Court to the extent they later wish to explore alternative dispute resolution.

9. Disclosure of Testimony under FED. R. EVID. 702-705: At this point in time, the parties do not anticipate the need to present expert testimony pursuant to FED. R. EVID. 702-705. As such, the parties are unaware of the need to limit such testimony at this time. Should a party determine that such a need exists, the parties agree that they will meet and confer in good faith on these issues.

10. Proposed Scheduling Order: The parties propose that they submit a proposed discovery schedule no later than 14 days after (i) the deadline set by the Court for members of the putative FLSA collective to 'opt-in' by filing written consent forms pursuant to 29 U.S.C. § 216(b) (if any such deadline is set); or (ii) the Court issues an order denying Plaintiff's motion for conditional certification with prejudice. Plaintiff will file a motion for conditional certification on or before March 3, 2017. This deadline is for Plaintiff to move for conditional certification pursuant to 29 U.S.C. § 216(b). The briefing schedule will comply with Civil L.R. 7.

10. Length of Trial: The Parties cannot accurately assess the length of the trial until after the close of any opt-in period.

11. Electronic Service: The parties confirm that the documents filed through the Court's ECF system are served by ECF notification. The parties also consent that service by electronic means shall be allowed as set forth in FED.R.CIV.P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

Dated this 15th day of February, 2017.

Respectfully submitted,

s/Keith E. Kopplin
Keith Kopplin, SBN 1044861
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
1243 N. 10th Street, Suite 210
Milwaukee, WI 53205
Telephone: (414) 239-6406
Facsimile: (414) 755-8289
Keith.Kopplin@ogletree.com

**Attorneys for Defendant**

Respectfully Submitted,

s/Jason T. Brown
Jason T. Brown (N.J. Bar No. 35921996)
**JTB LAW GROUP, LLC**
155 2nd Street, Suite 4
Jersey City, NJ 07302
(877) 561-0000 (office)
(855) 582-5297 (fax)
jtb@jtblawgroup.com

**Attorneys for Plaintiff**

28738086.1