IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**KAREN FRANCIS**, Individually, and
on Behalf of All Others Similarly Situated,

    Plaintiff,

Case No. 2:16-cv-01477-BHL

v.

**MANPOWERGROUP US INC,** and
**EXPERIS US, INC.,**

    Defendants.

---

**JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT
AND DISMISSING CASE WITH PREJUDICE**

---

Named Plaintiff Karen Francis and opt-in Plaintiff CheyAnne Tatum ("Plaintiffs") and Defendants ManpowerGroup US Inc. and Experis US, Inc., through their respective attorneys, respectfully request that this Court approve the Parties' Settlement Agreement and Release (the "Agreement"; filed herewith as **Exhibit 1**), and dismiss this action with prejudice. The Settlement seeks to resolve all wage-and-hour claims the Plaintiffs have or could have asserted against Defendants, including Plaintiff's claims under the Fair Labor Standards Act ("FLSA"). The parties respectfully submit that the Settlement is fair and reasonable, and satisfies the criteria for approval under §216(b) of the FLSA.

I.    **THE ACTION**

On November 3, 2016, Plaintiff Karen Francis commenced this individual and collective action against defendants ManpowerGroup US Inc. and Experis US Inc. under the Fair Labor

1

Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq*., for unpaid overtime compensation. (ECF No. 1.) On March 3, 2017, Plaintiff CheyAnne Tatum filed a written consent form pursuant to 29 U.S.C. § 216(b), (ECF No. 18) and thereby became an opt-in plaintiff, and Plaintiff filed her Pre-Discovery Motion for Conditional Certification and Court-Authorized Notice to Potential Opt-in Plaintiffs Pursuant to 29 U.S.C. § 216(b), (ECF No. 19) which was granted in part on January 26, 2021. (ECF No. 33)

On March 24, 2021, the Parties have reached an agreement in principle to settle the claims of named Plaintiff Karen Francis and opt-in Plaintiff CheyAnne Tatum on an individual basis and to forgo sending notice to putative collective members. The Agreement calls for a monetary payment to be made by Defendants to Plaintiffs from which attorneys' fees and costs will be paid, a release of Plaintiffs' wage-and-hour claims against Defendants, and a dismissal of Plaintiffs' claims with prejudice. *See* Exhibit 1. The Agreement does not provide for payment to, or releases by, any putative collective members except for Ms. Tatum.

## II. LEGAL ARGUMENT

Where the litigation arises from a private enforcement action under Section 216(b) of the FLSA, the standard for approval of a settlement is straightforward: a district court should approve a settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a bona fide dispute between the parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Butler v. Am. Cable & Tel., LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011).

The litigation in this case was heavily contested. Both Plaintiffs submitted declarations in support of conditional certification, in which they testified that as hourly-paid Associate

Recruiters, they were limited to reporting only eight hours of work each workday even though they often worked longer than eight hours and on weekends to meet their position's performance quotas. (ECF No. 20.) Further, Plaintiff Francis testified that as a salaried Senior Recruiter, she was considered exempt and ineligible for overtime even though she regularly worked more than forty hours a week and performed essentially the same job duties she had as an Associate Recruiter. (*Id.*) Defendants opposed conditional certification and relied on seven (7) declarations of their managers and employees to support their contentions that Plaintiffs were not limited to reporting only eight hours of work each workday as hourly-paid employees, and that Plaintiff Francis met the criteria for exempt status during the time period she was salaried. (ECF No. 23.) Thus, the record establishes that the litigation was contested and the parties had a bona fide dispute over Defendants' liability.

The Agreement is also a fair and reasonable resolution of a bona fide dispute between the parties. Each Plaintiff will receive a payment that appropriately reflects her maximum potential unpaid overtime wages and liquidated damages, discounted to reflect the numerous risks they would face in prevailing on the merits, including establishing the number of hours they worked each week with the requisite specificity, proving that Defendants had actual or constructive knowledge that they were not including all of their hours worked on their time sheets, and proving that Defendants willfully violated the FLSA, as is necessary in order to extend the statute of limitations from two years to three. *See* 29 U.S.C. § 255(a). Further, both Plaintiffs faced the risk that Defendants would avoid liquidated damages by establishing that they acted in good faith, and Plaintiff Francis faced the risk of being found exempt for the time period in which she was salaried. Given these risks, the amounts each Plaintiff receive are fair compensation in exchange for the limited release of wage-and-hour claims they will provide to

3

Defendants. *See Atis v. Freedom Mortg. Corp.*, 2018 U.S. Dist. LEXIS 189586, at *5 (D.N.J. Nov. 6, 2018) (finding that a release provision that was "related to the wage and hour claims alleged in [the] suit" did not frustrate the purposes of the FLSA).

The Agreement also provides fair compensation to Plaintiffs' counsel for attorneys' fees and costs, to which they are entitled under 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action"). Plaintiffs' counsel has represented Plaintiffs since July 2016 and September 2016 respectively, and has expended over 228 hours on the litigation in that 5-year span, on tasks including interviewing Plaintiff Francis and Plaintiff Tatum and gathering their supporting documents, drafting the complaint, conferring pursuant to Fed. R. Civ. P 26(f) and submitting a report, (ECF No. 17) briefing the Pre-Discovery Motion for Conditional Certification and Court-Authorized Notice to Potential Opt-in Plaintiffs Pursuant to 29 U.S.C. § 216(b), (ECF Nos. 22, 23, 25) responding to Defendants' written discovery requests, briefing on Defendants' objections to Plaintiff's proposed plan for sending notice to putative collective members, (ECF Nos. 35, 36, 38), negotiating and drafting the Agreement, and preparing this motion for settlement approval. As a result, Plaintiffs' counsel has accumulated a lodestar of $85,427.50 plus $1,489.48 in litigation costs, which amounts to a total of $86,916.98, significantly more than Plaintiffs' counsel will receive under the Agreement. Accordingly, the Agreement is fair and reasonable with respect to attorneys' fees and costs, which further supports approval. *See Hernandez v. Cameo Investments, LLC*, 2019 WL 5558434, at *2 (W.D. Wis. Oct. 28, 2019) (approving FLSA settlement agreement in which 65% of fund ($6,500) was allocated for attorneys' fees and costs); *Okoro v. Pyramid 4 Aegis,* 2012 U.S. Dist. LEXIS 191106, at *14-15 (E.D. Wis. Nov. 15, 2012) (noting that

4

"proportionality between fees and damages is not required" and approving FLSA attorneys' fees amounting to 75% of total award under lodestar approach).

Accordingly, the Agreement was reached as a result of contested litigation and it is a fair and reasonable resolution of a bona fide dispute between the parties, and should be approved.

## III. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment filed herewith.

### CERTIFICATE PURSUANT TO CIVIL L. R. 7(a)

The undersigned certifies that no memorandum or other supporting papers will be filed with this Motion.

RESPECTFULLY SUBMITTED,

Dated: July 21, 2021

| | |
|---|---|
| By: /s Nicholas Conlon | By: /s Sofija Anderson |
| Nicholas Conlon | Sofija Anderson (SBN 1041498) |
| Jason T. Brown | LITTLER MENDELSON, P.C. |
| BROWN, LLC | 111 East Kilbourn, Suite 1000 |
| 111 Town Square Place, Suite 400 | Milwaukee, WI 53202 |
| Jersey City, NJ 07310s | Telephone: 414.291.5536 |
| T: (877) 561-0000 | Facsimile: 414.291.5526 |
| F: (855) 582-5297 | sanderson@littler.com |
| jtb@jtblawgroup.com | |
| nicholasconlon@jtblawgroup.com | |

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 21, 2021, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon counsel of record.

                                          By: /s Nicholas Conlon
                                                  Nicholas Conlon