# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter referred to as the "Agreement") is by and between Karen Francis ("Francis") and CheyAnne Tatum ("Tatum" and hereinafter collectively referred to as "Plaintiffs") on the one hand, and Manpower Group US Inc. and Experis US, Inc. and each of their related corporations, parents, subsidiaries and affiliates, and each of their respective current and former officers, employees, trustees, directors, attorneys, insurers, agents, successors and assigns, individually and in their representative capacities, (hereinafter collectively referred to as "the Company") on the other hand. Plaintiffs and the Company will be collectively referred to as "the Parties."

WHEREAS, Francis was previously employed with the Company and her employment ended effective on or about July 8, 2016;

WHEREAS, Tatum was employed with the Company and her employment ended on or about August 15, 2016;

WHEREAS, on or about November 3, 2016, Francis filed a lawsuit in the Eastern District of Wisconsin styled *Karen Francis v. ManpowerGroup US Inc. and Experis US, Inc.*, Case No. 2:16-cv-01477-PP (the "Litigation"). Francis alleges that the Company did not pay her for overtime wages, as required by the Fair Labor Standards Act ("FLSA"). Francis and the Company have a bona fide dispute over these claims;

WHEREAS, on or about March 3, 2017, Tatum filed notice of her consent to join the Litigation as a party plaintiff pursuant to Section 216(b) of the FLSA;

WHEREAS, the Company denies liability and any wrongdoing with respect to Plaintiffs;

WHEREAS, the Parties desire to resolve all disagreements between them, including those asserted in the Litigation, without admission of liability or wrongdoing by anyone;

NOW, THEREFORE, in consideration of the mutual promises, obligations and agreements contained herein, and for good and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be bound as follows:

1. **Consideration.**

   A. In consideration of Plaintiffs' execution of this Agreement and compliance with its terms and dismissal of the Litigation with prejudice, the Company agrees to pay to Plaintiffs a total of Seventy-Seven Thousand Five Hundred Dollars and Zero Cents ($77,500.00) (the "Settlement Sum") as follows:

      (i) The Company will pay Five Thousand Dollars and Zero Cents ($5,000), less deductions for applicable federal, state and local income and employment taxes, for alleged unpaid overtime wages by check made payable to Karen Francis.

(ii) The Company will pay Five Thousand Dollars and Zero Cents ($5,000), without payroll deductions, for allegations of non-wage damages, by check made payable to Karen Francis. The Company will provide Francis with an IRS Form 1099 Misc. for this amount;

(iii) The Company will pay Five Thousand Dollars and Zero Cents ($5,000), less deductions for applicable federal, state and local income and employment taxes, for alleged unpaid overtime wages by check made payable to CheyAnne Tatum;

(iv) The Company will pay Five Thousand Dollars and Zero Cents ($5,000), without payroll deductions, for allegations of non-wage damages, by check made payable to CheyAnne Tatum. The Company will provide Tatum with an IRS Form 1099 Misc. for this amount; and

(v) The Company will pay Fifty-Seven Thousand and Five Hundred Dollars and Zero Cents ($57,500), for attorney's fees and costs, by check made payable to the law firm Brown, LLC. The Company will provide Francis, Tatum and this law firm with IRS Forms 1099 Misc. for this amount.

B. The above sums will be paid in exchange for Plaintiffs' release of claims and other promises below, and in full and complete settlement of any and all claims or potential claims between the parties, including any and all claims for back pay, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs or other relief. Plaintiffs' agree that the payments to be made by the Company under this Agreement constitute adequate consideration for the release of claims described in Section 2 below and the other obligations assumed by Plaintiffs under this Agreement.

C. The five separate checks discussed in Section 1.A above, shall be sent by regular mail or commercial carrier to Brown, LLC within thirty (30) calendar days from Plaintiffs' execution of this settlement agreement and receipt of 1) the Court's approval of the Parties' Joint Motion For Entry of Order Approving Settlement and Dismissing Case with Prejudice; and 2) completed tax forms necessary for processing payment.

D. As to the payments made to Plaintiffs, Plaintiffs agree that they each shall be responsible for the payment of any and all taxes, fines, penalties, or interest resulting from the above payments. Plaintiffs further agree to indemnify the Company for any and all reasonable expenses, attorney's fees and costs incurred by it in connection with any action brought by any taxing authority or governmental agency as a result of their failure, or alleged failure, to pay taxes, fines, penalties, or interest owed by them.

2. **Release of Claims and Waiver.**

   A. Francis and Tatum each respectively agrees on behalf of herself, her heirs, executors, administrators, successors and assigns to release, and hereby releases, the Company to the fullest extent permitted by law from all claims asserted or that could have been asserted in the Litigation, including all claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"); all claims arising out of any other state or local wage, minimum wage or overtime laws, and all derivative claims relating to unpaid wages, minimum wage and overtime compensation, and any other relief available under the FLSA or such state or local laws, including all claims for liquidated, punitive, or penalty damages, interest, and attorneys' fees and costs, up to and including the date on which she executes this Agreement.

   B. After consultation with her counsel, and in consideration of all the facts and circumstances surrounding her employment with the Company, Francis and Tatum each respectively agrees to compromise her claims for unpaid wages, minimum wage and overtime compensation and other relief in exchange for payment of the Settlement Sum. Francis and Tatum each respectively stipulates and agrees that the terms of this Agreement represent a reasonable compromise of a bona fide dispute regarding her entitlement to statutory wages, minimum wage and overtime compensation and other relief under the FLSA.

   C. Francis and Tatum each respectively acknowledges and agrees that she is aware of her rights under the laws specifically and generally described above and that she knowingly and voluntarily waives those rights to the full extent that waiver is allowed by law. If any claim described in the release in this Section 2 is not subject to release, to the extent permitted by law, Francis and Tatum each respectively waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such claims described in Section 2 in which the Company is a party.

3. **Agreement Limitations**. Nothing in this Agreement prohibits me from voluntarily reporting possible violations of law or regulation to any government agency, including, but not limited to, the Department of Justice, the Securities and Exchange Commission, the Equal Employment Opportunity Commission, the National Labor Relations Board or any other state or federal regulatory authority, or making other disclosures that are protected under the whistleblower provisions of federal, state or local laws or regulations. Likewise, nothing in this Agreement requires me to provide notice to or receive approval from the Company before making any of the reports or disclosures described in this paragraph; but I understand that the Company encourages me to do so. Finally, nothing in this Agreement prohibits me from cooperating in an investigation conducted by any government agency, prohibits a disclosure allowed under the Defend Trade Secrets Act or limits my right to receive an award for information provided to any government agency.

**4.     No Assignment of Claims.**  Francis and Tatum each respectively represents and warrants that she has not heretofore given, sold, assigned or transferred or purported to give, sell, assign or transfer any claim discussed in this Agreement or any part or portion thereof to anyone else.  Francis and Tatum each respectively agrees to indemnify and hold the Company harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation is commenced) based on, in connection with, or arising out of any such gift, sale, assignment or transfer or purported or claimed gift, sale, assignment or transfer.

**5.     No Bankruptcy Proceedings.**  By signing this Agreement, Francis and Tatum each respectively warrants and represents that she is not a party to a pending bankruptcy and is not aware of any current or pending liens, levies, encumbrances or other third-party obligations that may be implicated by the payment of the Settlement Sum.  Francis and Tatum each respectively agrees to indemnify and hold the Company harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation is commenced) based on, in connection with, or arising out of any such bankruptcy, lien, levy, encumbrance, or other third-party obligation.

**6.     Compensation and Leave.**  Francis and Tatum each respectively acknowledges and affirmatively represents that she has received all of the monetary compensation, including wages, salary, commissions, bonuses, and/or overtime compensation, to which she believes she is legally entitled from the Company under the FLSA and any other federal, state, or local law. Additionally, Francis and Tatum each respectively acknowledges that she has received all the leave from work for family and/or personal medical reasons and/or other benefits to which she believes she is entitled under the Family and Medical Leave Act of 1993 ("FMLA") and/or any other federal, state or local law.  Francis and Tatum each respectively represents and affirms that she has not made any request for leave pursuant to the FMLA which was not granted, nor has the Company interfered in any way with her efforts to take leave pursuant to the FMLA.  Francis and Tatum each respectively acknowledges that the Company has not taken any adverse action against her as a result of any leave or request for leave covered by the FMLA and/or any other federal, state or local law.

**7.     Use of Agreement in Subsequent Proceedings**.  Plaintiffs and the Company agree that this Agreement may be used as evidence in a proceeding in which the Company alleges a breach of this Agreement or as a complete defense to any lawsuit or claim.  Other than this exception, Plaintiffs and the Company agree that this Agreement will not be introduced as evidence in any administrative proceeding or lawsuit.

**8.     No Other Promises**.  Francis and Tatum each respectively represents that neither the Company nor any of its agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein and that her decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document.

9. **Non-Admissions.** Francis and Tatum expressly acknowledge that neither this Agreement nor the furnishing of the consideration of this Agreement shall be deemed or construed at any time for any purpose as an admission by the Company of any liability or unlawful conduct of any kind.

10. **Miscellaneous Terms.**

   A. This Agreement is entered into in the State of Wisconsin and shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

   B. Each and every term of this Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the parties hereto.

   C. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

   D. In the event any provision of this Agreement should be held by a court of competent jurisdiction to be unenforceable and incapable of being modified to be legal, each and all of the other provisions of this Agreement shall remain in full force and effect.

   E. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by all parties. This Agreement may not be modified orally. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

KAREN FRANCIS

Date: _____

**9.     Non-Admissions.**  Francis and Tatum expressly acknowledge that neither this Agreement nor the furnishing of the consideration of this Agreement shall be deemed or construed at any time for any purpose as an admission by the Company of any liability or unlawful conduct of any kind.

**10.     Miscellaneous Terms.**

A.  This Agreement is entered into in the State of Wisconsin and shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

B.  Each and every term of this Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the parties hereto.

C.  The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

D.  In the event any provision of this Agreement should be held by a court of competent jurisdiction to be unenforceable and incapable of being modified to be legal, each and all of the other provisions of this Agreement shall remain in full force and effect.

E.  This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by all parties.  This Agreement may not be modified orally.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

_____
KAREN FRANCIS

Date: ___06 / 28 / 2021_____

CHEYANNE TATUM

Date: _____

MANPOWER GROUP US INC.

By: _____

Date: _____

EXPERIS US, INC.

By: _____

Date: _____

4812-8557-6686.1 / 096214-1005

9. **Non-Admissions.** Francis and Tatum expressly acknowledge that neither this Agreement nor the furnishing of the consideration of this Agreement shall be deemed or construed at any time for any purpose as an admission by the Company of any liability or unlawful conduct of any kind.

10. **Miscellaneous Terms.**

    A. This Agreement is entered into in the State of Wisconsin and shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

    B. Each and every term of this Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the parties hereto.

    C. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

    D. In the event any provision of this Agreement should be held by a court of competent jurisdiction to be unenforceable and incapable of being modified to be legal, each and all of the other provisions of this Agreement shall remain in full force and effect.

    E. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by all parties. This Agreement may not be modified orally. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

_____
KAREN FRANCIS

Date: _____

*CheyAnne Tatum*
_____

CHEYANNE TATUM

Date: 07 / 14 / 2021

MANPOWER GROUP US INC.

By: _____

Date: _____

EXPERIS US, INC.

By: _____

Date: _____

4812-8557-6686.1 / 096214-1005

Doc ID: c4219ffe9b8b1060df40966c8270693a714d520f

CHEYANNE TATUM

Date: 07 / 14 / 2021

MANPOWER GROUP US INC.

By: *(signature)*

Date: 7/20/21

EXPERIS US, INC.

By: *(signature)*

Date: 7/20/21

4812-8557-6686.1 / 096214-1005